```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
BROOKS BANKER,                      :
                                    :
                Plaintiff,          :   05 Civ. 4115 (MBM)
                                    :
     -against-                      :   OPINION & ORDER
                                    :
ESPERANZA HEALTH SYSTEMS, LTD.,     :
HUNT HEALTH SYSTEMS, LTD., P&G      :
ENTERPRISES, INC., MHTJ             :
INVESTMENTS, INC., FRIENDSHIP,      :
INC., JOSE MARTINEZ LILLIARD,       :
JOSE LUIS PEREZ RIOS, ENRIQUE       :
LOPEZ VERGANA, PATRICIA             :
McDONOUGH, GAIL GAINES, GARY        :
DAVIDSON and LORI DITTMAR,          :
                                    :
                Defendants.         :
-----------------------------------X
```

APPEARANCES:

BROOKS BANKER, ESQ.
(Plaintiff Pro Se)
551 Fifth Avenue
Suite 2800
New York, New York 10016
(212) 972-0620

DAVID C. HOLLAND, ESQ.
(Attorney for Defendants)
The Law Offices of Michael Kennedy
419 Park Avenue South
16th Floor
New York, New York 10016
(212) 935-4500

MICHAEL B. MUKASEY, U.S.D.J.

This action arises from the failure of defendants Esperanza Health Systems, Ltd., Hunt Health Systems, Ltd., P&G Enterprises, Inc., MHTJ Investments, Inc., and Friendship, Inc. (collectively, the "Business Defendants") as well as Jose Martinez Lilliard, Jose Luis Perez Rios, Enrique Lopez Vergara, Particia McDonough, Gail Gaines, Gary Davidson, and Lori Dittmar (collectively, the "Individual Defendants") to pay their former attorney plaintiff Brooks Banker for attorney's fees under a retainer agreement between Banker and the Business Defendants. In an opinion and order dated November 17, 2005, ("the Opinion") I dismissed all of plaintiff's claims for lack of personal jurisdiction. Plaintiff now moves pursuant to Local Civil Rule 6.3 for reconsideration. For the reasons below, the motion for reconsideration is granted and the court adheres to the result stated in the Opinion.

I.

The facts relevant to this motion are stated fully in the Opinion, familiarity with which is assumed, and are restated or augmented here only to the extent necessary.

Banker is an attorney admitted to practice in New York. (Compl. ¶ 1) Esperanza and Hunt are both Texas limited partnerships. (Compl. ¶¶ 2, 3) Defendants P&G, MHTJ, and Friendship are all Texas corporations. (Compl. ¶¶ 4, 5, 6)

1

Martinez, Perez, and Lopez are residents of Mexico who maintain offices Texas. (Compl. ¶¶ 7, 8, 9, 15, 16; Holland Affirm. ¶ 43) McDonough and Gaines, who are on the executive committee of Esperanza and are principals of Hunt, P&G, MHTJ, and Friendship, are Texas residents and maintain offices in Texas. (Compl. ¶¶ 10, 11, 15, 16; Holland Aff. ¶¶ 24, 25) Davidson and Dittmar are Texas residents and maintain offices in Texas. (Compl. ¶¶ 23, 25, 26, 27)

Beginning in 1993, Banker, as an attorney at the law firm Abberly Kooiman, LLP, served as counsel for Esperanza, Hunt, P&G, MHTJ, and Friendship in <u>Wechsler</u> v. <u>Hunt Health</u>, a civil action in this court in which they are defendants. (Compl. ¶ 33) Abberly Kooiman dissolved in 2003 and, on June 1, 2003, McDonough and Gaines, on behalf of Esperanza, Hunt, P&G, MHTJ, and Friendship, entered into a written retainer agreement with Banker as a solo practitioner. (Compl. ¶¶ 28, 29, 37) During a three-week bench trial in October and November 2003 and through three months of post-trial submissions thereafter, Banker represented Esperanza, Hunt, P&G, MHTJ, and Friendship. (Compl. ¶ 48)

During the bench trial, Davidson traveled to New York at Banker's request to consult with the Business Defendants and Banker. (Davidson Decl. at 3) Davidson also spoke by telephone with Banker while Banker was in New York, and sent mail and email to Banker in New York; while the litigation was active, the

2

correspondence was daily, when it was inactive there was no communication. (Davidson Decl. at 3-4) The only time McDonough, Gaines, and Lopez were physically present in New York was to attend the Wechsler trial. (Banker Aff. ¶¶ 19, 20) None of the other Individual Defendants ever have been physically present in New York.

On January 14, 2005, Eseperanza, Hunt Health, P&G, MHTJ, and Friendship fired Banker. (Compl. ¶¶ 190, 193) On January 21, 2005, Michael Kennedy appeared in Wechsler as counsel for Esperanza, Hunt, P&G, MHTJ, and Friendship, and Banker was granted leave to withdraw as counsel of record for those parties. (Compl. ¶¶ 266, 270) Esperanza, Hunt, P&G, MHTJ, and Friendship never paid Banker's attorney's fee statements of January 4, 2005, and January 18, 2005, which are for the legal services rendered from December 1, 2004, until January 14, 2005. (Compl. ¶¶ 178, 183, 188).

Banker filed the summons and verified complaint in this action on March 24, 2005, in the Supreme Court of the State of New York, County of New York. (Holland Aff. ¶ 3) On April 25, 2005, all defendants filed a Notice of Removal Pursuant to 28 U.S.C. § 1446(a). (Holland Aff. ¶ 11) The Business and Individual Defendants filed a Rule 12(b)(2), Rule 12(b)(3), and Rule 12(b)(6) motion to dismiss Banker's claims against them, and this court issued the Opinion, which concluded that Banker had not

3

made out a prima facie case of personal jurisdiction under either
N.Y. C.P.L.R. §302(a)(1) or N.Y. C.P.L.R. §302(a)(3).

II.

Banker moves for reconsideration pursuant to Local Rule
6.3, which requires that "a party must demonstrate that the Court
overlooked controlling decisions or factual matters that were put
before it on the underlying motion." Eisemann v. Greene, 204 F.3d
393, 395 n.2 (2d Cir. 2000) (internal quotation marks omitted).
Local Rule 6.3 is narrowly construed and strictly applied to
avoid repetitive arguments on issues that have already been
considered. See, e.g. Dietrich v. Bauer, 198 F.R.D. 397, 399
(S.D.N.Y. 2001). The court must not allow a party to use the
motion for reconsideration as a substitute for appealing from the
final judgment. See Parrish v. Sollecito, 253 F. Supp. 2d 713,
715 (S.D.N.Y. 2003).

Banker argues that this court should reconsider its
conclusion that the Business Defendants are not subject to
personal jurisdiction in New York under N.Y. C.P.L.R. §
302(a)(1), which allows New York courts to exercise jurisdiction
over a non-domiciliary's claim when such claims arise from the
non-domiciliary's transaction of business within the state.
According to Banker, this court overlooked the controlling
decisions in Winston & Strawn v. Dong Won Sec., No. 02 Civ. 0183,
2002 WL 31444625 (S.D.N.Y. Nov. 1, 2002), Otterbourg, Steindler,

4

Houston & Rosen, P.C. v. Shreve City Apartments, 147 A.D.2d 327 (N.Y. App. Div. 1989), and Kaczorowksi v. Black & Adams, 293 A.D.2d 358 (N.Y. App. Div. 2002), as well as relevant facts relating to the extent of the Business Defendants contacts with New York. After reconsidering the importance of Winston, Otterbourg, and Kaczorowski, as well as the facts put forth by the plaintiff in his motion, this court again finds that the Business Defendants did not transact business in New York within the meaning of N.Y. C.P.L.R. § 302(a)(1).

Banker has argued several reasons why this court should have found that it could exercise personal jurisdiction over the Business Defendants. First, he argues that the Opinion incorrectly analyzed New York law regarding personal jurisdiction, as it did not explicitly rely on the "retention-plus" standard articulated in the unpublished district court opinion of Winston & Strawn v. Dong Won Securities, 2002 WL 31444625 (S.D.N.Y. Nov. 12, 2002). Under the "retention-plus" standard, "jurisdiction is normally upheld if the defendant has additional contacts with the state in addition to, and relating to, the retainer agreement." Id. at *3. Banker's position that this court must use the Winston & Strawn test for personal jurisdiction is flaws in two respects. First, as the case is an unpublished district court opinion, it has no precedential value, thus the court is free to either be persuaded by its holding or

5

to rely upon other New York state and federal opinions to support its reasoning. The Opinion did just that when it stated that "[g]enerally, courts will find jurisdiction . . . only when the retainer agreement between the lawyer and the client was at the very least negotiated in New York," Banker, 2005 WL 3077513 at *6, and then cited six federal and state cases supporting that view. Contrary to Banker's position, this explanation of the analysis does not misconstrue the use of a "retention-plus standard" by some courts; it merely does not value the reasoning of Winston & Strawn as highly as Banker would have liked. Second, although the Opinion never stated that it was using a "retention-plus standard," in determining whether personal jurisdiction existed, it considered not only whether the Business Defendants signed a retainer agreement while physically present in New York, but also whether Banker was hired to prosecute claims, the frequency of telephone and written communications between Banker and the Business Defendants, and the physical presence of the Business and Individual Defendants in New York. See Banker v. Esperanza Health Sys., Ltd., No. 05 Civ. 4115, 2005 WL 3077513 (S.D.N.Y. Nov. 17, 2005).

In support of his position that the court misapplied the "retention-plus" standard, Banker argues that the Opinion overlooked certain facts that made his situation analogous to the one in Otterbourg, which found personal jurisdiction even though

6

that retainer agreement was not negotiated or signed in New York because there was frequent contact between the non-domiciliary client and the attorney in New York. 146 A.D.2d at 327. The Opinion did not overlook the facts Banker presents in his memorandum (Pl. Mem. n.2) when it distinguished the present case from Otterbourg, but in fact relied on those exact facts in its analysis as to why personal jurisdiction should not be extended. Banker, 2005 WL 3077513, at *7. Particularly, the court in Otterbourg found jurisdiction where a non-domiciliary client communicated with his New York attorney in 93 telephone calls over a one year period, at least two of which were over an hour in length, participated in a 12 hour meeting via speaker phone, and initiated many of those calls as well as written communications. 146 A.D.2d at 329, 332. In contrast, Banker identifies only 26 telephone calls between himself and the Business Defendants over a period of more than one year, and six emails sent between himself and the Business Defendants during December 2004. (Pl. Mem. n.2) Further, as stated in a declaration by one of the Individual Defendants, communications between Banker and the Business Defendants would cease completely at the times when trial or some other legal proceeding was not immediately pending. (Davidson Decl. at 3-4) These communications do not rise to the level required by Otterbourg for a finding of personal jurisdiction.

7

Banker does correctly point out that the Opinion wrongly states that <u>Kaczorowski</u> v. <u>Black & Adams</u>, 293 A.D.2d 358 (N.Y. App. Div. 2002) found personal jurisdiction when the non-domiciliary consulted with his New York attorney in New York before retaining him to bring an action in New York. (Pl. Mem. 4) Instead, <u>Kaczorowski</u> found personal jurisdiction over a non-domiciliary client who repeatedly consulted with the attorney in New York after retaining him as counsel. However, that difference does not change the disposition in this case. The Business Defendants did not repeatedly consult with Banker in New York after he was retained as their counsel; the only time any of the principals or employees of the Business Defendants were in New York was to attend the <u>Weschler</u> trial. (Banker Aff. ¶¶ 19, 20) Thus, the error has no bearing on the disposition of this case.

Second, Banker argues that the Opinion overlooks the Business Defendants decision to have Banker prosecute counterclaims on their behalf in <u>Weschler</u>. In taking this position, Banker again relies on <u>Otterbourg</u>. However, <u>Otterbourg</u> does not hold that if an attorney brings counterclaims on behalf of his non-domiciliary client, personal jurisdiction extends over that client; it holds that an assertion of a bankruptcy defendant's rights as a creditor along with its "active and sustained immersion in the bankruptcy proceeding" is a sufficient

8

predicate for jurisdiction. 146 A.D.2d at 333. As previously discussed, the Business Defendants were neither actively nor continually immersed in the Weschler preparations being conducted in New York. Thus, the fact that Banker asserted counterclaims on behalf of the Business Defendants does not, on its own or in conjunction with the other contacts between the Business Defendants and New York, give rise to personal jurisdiction.

Third, Banker argues that the Opinion overlooked Business Defendant's signature of an agreement with a New York corporation to collect their accounts receivable in 1991 and the Business Defendants retention of New York counsel after they fired Banker. No case is cited to support the proposition that either of these facts would justify on their own, will provide long arm jurisdiction over the Business Defendants.

As explained in the Opinion, N.Y. C.P.L.R. §302(a)(1) confers personal jurisdiction only if the claim arises from the transaction of business in New York that is the subject of the current lawsuit. The Business Defendants' retention of a New York corporation 15 years ago to handle their accounts receivable has nothing to do with whether Banker was defrauded by the Business Defendants or whether he was properly compensated.

Further, the Business Defendants' subsequent hiring of New York counsel to appear on their behalf in proceedings relating to the Weschler case in New York is not, on its own,

9

enough to confer personal jurisdiction. See Colucci & Umans v. 1 Mark, Inc., 224 A.D.2d 243 (N.Y. App. Div. 1996) (holding that personal jurisdiction exists over a non-domiciliary former legal client when it hired successor counsel in New York, made numerous phone calls to its original counsel New York, and participated in meetings in New York with its original counsel). As discussed in the Opinion and above, the Business Defendants did not direct communications to New York to the degree that gives rise to personal jurisdiction, nor did they attend any meetings in New York related to the legal proceedings. Further, David Holland was hired after Banker had been fired; if the Business Defendants did not hire new counsel they would not have been represented in pending proceedings before courts in New York.

Finally, Banker argues that the Opinion incorrectly draws facts from the affirmation of David C. Holland. It is irrelevant whether Holland had personal knowledge of any matter related to this action, because the Opinion does not rely on his affirmation as the source of any fact used in the legal analysis of N.Y. C.P.L.R. §302(a)(1). All of the relevant facts are drawn from the complaint drafted by Banker himself and sworn affidavits provided by both Banker and the Individual Defendants.

*                    *                    *

For the reasons set forth above, plaintiff's motion for reconsideration is granted and the court adheres to the result in the Opinion, which is to grant the motion to dismiss for lack of personal jurisdiction under N.Y. C.P.L.R. § 302(a)(1).

SO ORDERED:

Dated: New York, New York
January 9, 2006

Michael B. Mukasey
U.S. District Judge