```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
BROOKS BANKER,

                    Plaintiff,

          -against-                           05 CV 4115 (DAB)
                                              ADOPTION OF REPORT
                                              AND RECOMMENDATION
ESPERANZA HEALTH SYSTEMS, LTD., HUNT
HEALTH SYSTEMS, LTD., P&G ENTERPRISES,
INC., MHTJ INVESTMENTS, INC., FRIENDSHIP,
INC.

                    Defendants.
------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/10/11

DEBORAH A. BATTS, United States District Judge.

Pro se Plaintiff Brooks Banker, an attorney, brings suit against his former clients Esperanza Health Systems, Ltd., Hunt Health Systems, Ltd., P&G Enterprises, Inc., MHTJ Investments, Inc., and Friendship, Inc. (collectively, the "Business Defendants") for unpaid attorney's fees, alleging breach of contract, quantum meruit, account stated and unjust enrichment.

On October 14, 2010, Plaintiff moved for partial summary judgment against the Business Defendants on his account stated claims. In a Report and Recommendation dated February 2, 2011 (the "Report"), United States Magistrate Judge James C. Francis IV recommended that Plaintiff's Motion for Summary Judgment be GRANTED. Defendants filed timely objections to the Report. For the reasons set forth herein, this Court ADOPTS the Report and GRANTS Plaintiff's Motion for Partial Summary Judgment.

## II.  DISCUSSION

A.  Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations."  The District Court is required under 28 U.S.C. § 5636(b)(1)(C) to make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  Moreover, the court may accept any portion of a magistrate's report and recommendation to which no objection has been made as long as there is no clear error on the face of the record.  Advance Coatinq Tech Inc. v. LEP Chem Ltd., 142 F.R.D. 91, 94 (S.D.N.Y. 1992).

Where a party only raises general objections, "a district court need only satisfy itself there is no clear error on the face of the record." Id.; see also Brown v. Peter, 1997 U.S. Dist. LEXIS 14718, at *7 (N.D.N.Y. Sep. 19, 1997).  Indeed, "objections that are merely perfunctory responses argued in an attempt to engage the district court in rehashing of the same arguments set forth in the original petition will not suffice to invoke de novo review of the magistrate's recommendations." Vega v. Artuz, 2002 U.S. Dist. LEXIS 18270, *3 (S.D.N.Y. Sept. 30,

2

2002). Such objections "are frivolous, general and conclusory" and would "reduce the magistrate's work to something akin to a meaningless dress rehearsal." Id. (internal citations and quotations marks omitted).

After conducting the appropriate level of review, the Court may then accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. 28 U.S.C. § 636(b)(1)(C); see also Local Civil Rule 72.1(d).

B. Defendants' Objections to the Report

The Business Defendants first "object to each and every factual finding and conclusion of law reached by Magistrate Francis in his 'Report and Recommendation' dated February 2, 2011." (Obj., at 1.) This objection is general and conclusory and will not suffice to invoke de novo review of the Report.

The Business Defendants next object to Magistrate Judge Francis's finding that an attorney discharged without cause may recover attorney's fees via a claim for account stated. (Obj., at 2-11.) They argue that Magistrate Judge Francis was bound by principles of stare decisis and the Rules of Decision Act to follow the holding in Liddle & Robinson, LLP v. Garret and Luby, 720 F. Supp. 2d 417 (S.D.N.Y. July 1, 2010), that an attorney discharged without cause could not state a claim for account stated. (Obj., at 2-3.) Stare decisis, however, "does not

3

compel one district court judge to follow the decision of another." ATSI Communications, Inc. v. Shaar Fund, Ltd., 547 F.3d 109, 112 n.4 (2d Cir. 2008).

Reviewing the issue de novo, this Court agrees with Magistrate Judge Francis that within the First Appellate Division, where this action was commenced, an attorney may recover fees via a claim for account stated. See Thelen LLP v. Omni Contracting Co., 79 A.D.3d 605, 606 (1st Dep't 2010) (reversing a decision denying summary judgment on an attorney's claim for account stated); Kramer Levin Naftalis & Frankel LLP v. Canal Jean Co., 73 A.D.3d 604, 604 (1st Dep't 2010) (awarding account stated fees); Ferraioli ex rel. Suslak v. Ferraioli, 8 A.D.3d 163, 164 (1st Dep't 2004) (finding that a law firm terminated without cause was entitled to summary judgment on a claim for account stated); Zanani v. Schvimmer, 50 A.D.3d 445, 446 (1st Dep't 2008) (granting summary judgment to a discharged attorney on an account stated claim). The objection is without merit.

Finally, the Business Defendants object to Magistrate Judge Francis's finding that the Business Defendants did not raise objections to Plaintiff's invoices within a reasonable time after they were presented. (Obj., at 11-12.) Defendants rely on McDonough Affidavit ¶ 40, which states that Ms. McDonough

4

instructed her attorney to object to the invoices shortly after they were received. (Obj., at 12.) Reviewing the issue de novo, this Court agrees with Magistrate Judge Francis that the Business Defendants have put forth no competent evidence that they ever actually objected to the invoices. Evidence that an attorney was instructed to object is not evidence that he actually did so, and the Business Defendants have put forth no evidence to contradict Plaintiff's statement that no objections were received. (Banker Aff. ¶¶ 29-30.) This objection is without merit.

C. Plaintiff's Remaining Claims

Plaintiff's First and Second Causes of Action for Breach of Contract; Fifth and Sixth Causes of Action for quantum meruit; and Seventh and Eighth Causes of Action for unjust enrichment, rely on the same facts and seek the same relief as Plaintiff's Third and Fourth Causes of Action for account stated. (Compl. ¶¶ 290-300; pp. 46-48.) Accordingly, under New York law, those causes of action are dismissed as duplicative.[1] See Peabody v. Weier Publications, Inc., 260 Fed. App'x 380, 383-84 (2d Cir.

---

[1]Plaintiff's Ninth, Tenth, and Eleventh Causes of Action against individual Defendants Martinez, Lopez, Perez, McDonough, Gaines, Davidson, and Dittmar were dismissed on personal jurisdiction grounds in an Order signed by Judge Mukasey on November 17, 2005.

2008); Jacobs Private Equity, LLC v. 450 Park LLC, 22 A.D.3d 347, 347-48 (1st Dep't 2005).

III. CONCLUSION

Having reviewed the remainder of the Report, and finding no clear error on the face of the record, see 28 U.S.C. § 636(b)(1)(B), it is hereby

ORDERED AND ADJUDGED as follows:

1. The Report and Recommendation, Docket Entry No. 42, of United States Magistrate Judge James C. Francis IV, dated February 2, 2011, be and the same hereby is APPROVED, ADOPTED, and RATIFIED by the Court in its entirety;

2. Plaintiff's Motion for Summary Judgment with respect to his Third and Fourth Causes of Action for account stated is GRANTED;

3. The Clerk of Court is directed to enter judgment in the amount of $156,400.00, together with interest at an annual rate of nine percent from January 4, 2005 to the date of entry of judgment, against Esperanza Health Systems, Ltd., Hunt Health Systems, Ltd., P&G Enterprises, Inc., MHTJ Investments, Inc., and Friendship, Inc., jointly and severally;

4. The Clerk of Court is directed to enter judgment in the amount of $194,155.16, together with interest at an annual

rate of nine percent from January 18, 2005 to the date of entry of judgment, against Esperanza Health Systems, Ltd., Hunt Health Systems, Ltd., P&G Enterprises, Inc., MHTJ Investments, Inc., and Friendship, Inc., jointly and severally;

     5. Petitioner is awarded post-judgment interest from the date of entry of judgment, until it is paid, at a rate provided by 28 U.S.C. § 1961(a);

     6. Plaintiff's remaining causes of action are DISMISSED with prejudice as duplicative; and

     7. The Clerk of Court is directed to CLOSE the docket in this case.

Dated:    New York, New York
             March 10, 2011

                                        *Deborah A. Batts*
                                        DEBORAH A. BATTS
                                        United States District Judge